*Lawrence, Rapelye & Co.*
*v.*
*Robert Ware.*

---

### REYNOLDS v. SPEERS.

The overseer of a public road, is not authorized to take timber for repairs, &c., without the owner's consent.

IN the Circuit Court of Bibb county, Reynolds brought an action of trespass quare clausum fregit against Speers, charging that the defendant, as overseer of a road running through plaintiff's land, cut down a number of his trees,

and took them, and a large quantity of his rails, and con-
verted them to causewaying the road, without contract-
ing with him for said timber, and against his will and
consent. The defendant plead, 1st, the general issue;
2d, that he was overseer of a public road established ac-
cording to law, which ran through the lands mentioned
in the declaration, and that the timber cut and carried
away, as complained of, was applied to the necessary re-
pairs of the road, without any unnecessary waste.

Issue on the first plea; demurrer and joinder to the se-
cond. The Circuit Court overruled the demurrer, and
rendered judgement for the defendant. The plaintiff ap-
pealed to this Court. and assigned as error, the judgement
on the demurrer to the second plea.

H. G. PERRY, for plaintiff

THORINGTON, for defendant in error.

JUDGE WHITE delivered the opinion of the Court.

THE second section of the act of December, 1821, "to [a]
reduce into one, the several acts concerning roads, &c.," [a]
provides, "that in those places where it is necessary to
purchase timber to repair or causeway roads, the overseer
of such road is hereby authorized, to contract for such
timber as will be necessary to repair such road; and when
timber cannot be had near a road, where it may be want-
ing, the overseer may contract for hauling the same, which
contract shall be laid before the county judge and commis-
sioners of roads and revenue, who are hereby authorized
and required to order payment to be made for as much as
they shall judge reasonable out of the county treasury."

Here then, the law provides the means by which over-
seers of roads may discharge their duties to the public,
without encroaching on the rights of the citizen. This
statute, by providing that the overseer shall contract for
such timber as may be necessary to repair the road, clearly
recognizes the entire right of property, and virtually pro-
hibits taking the timber without such contract, nor will
it do to say that these provisions were intended, only for
cases where the timber is inconvenient, and on the land
of another than him through whose land the road passes.
We cannot conceive why an overseer should have a greater
right to use the timber growing on the land through
which the road runs, than that of other land. True, it
would generally be the most convenient, but the law pro-

vides, that when it cannot be had near a road, where it may be necessary, the overseer may contract for hauling it.   This means, where the timber cannot be had by contract in the manner prescribed by the act, by gift or otherwise, consistently with the rights of property, and by no means implies that the overseer may take the timber which is convenient to the road, without the owner's consent.

We are therefore of opinion, that the Circuit Court erred in overruling the demurrer to the second plea of the defendant, and that the judgement must be reversed, and the cause remanded.

JUDGE SAFFOLD not sitting.